IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 2, 2024

## GARY PORTER v. AMBER PHILLIPS, DIRECTOR OF SENTENCE MANAGEMENT SERVICES, TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 22-1193-IV      Russell T. Perkins, Chancellor**

_____

**No. M2023-00412-COA-R3-CV**

_____

Gary Porter ("Petitioner") filed a petition in the Davidson County Chancery Court (the "chancery court"), wherein he requested that the chancery court award him certain pre-trial jail credits which he was already awarded toward a separate sentence that Petitioner previously served. The chancery court granted summary judgment in favor of Amber Phillips ("Phillips"), Director of Sentence Management Services for Tennessee Department of Correction ("TDOC"). Petitioner appeals the judgment of the chancery court. Having determined that Petitioner's brief is not compliant with the relevant rules of briefing in this Court, we conclude that his issue purportedly raised on appeal is waived. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Gary Porter, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and John R. Glover, Assistant Attorney General, for the appellee, Amber Phillips, Director of Sentence Management Services, Tennessee Department of Correction.

**OPINION**

**MEMORANDUM OPINION[1]**

_____

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion

In 2011, Petitioner pled guilty to one count of aggravated robbery, case number 09-03136 ("Case One"), and one count of second-degree murder, case number 10-01433 ("Case Two"), in the Shelby County Criminal Court (the "criminal court"). Petitioner was sentenced to seven years, four months, twelve days in Case One and thirteen years, six months in Case Two, to be served consecutively in TDOC's custody. The Judgment in Case One noted that Petitioner was to receive pretrial jail credits from July 30, 2008 to April 4, 2009 and November 16, 2009 to January 12, 2010. The Judgment in Case Two noted that Petitioner was to receive pretrial jail credits from April 1, 2010 to September 23, 2011. Both of these Judgments were entered on September 23, 2011. On the same date, a Consent Order Authorizing Jail Credit (the "Consent Order") was entered in Case One, which stated:

> This cause came to be heard upon the oral motion of counsel for the [Petitioner] to grant jail credit in addition to other credits already given to the [Petitioner], and to record [*sic*] as a whole,
>
> From all of which the court finds that the [Petitioner] is entitled to jail credit from March 31, 201[0] to September 23, 2011 in addition to jail credit already received because Bond does not show revoked when he was taken into custody[.]
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the [Petitioner] is hereby given 541 days of jail credit in addition to other credits already given.

Pursuant to the Consent Order, TDOC applied pre-trial jail credits for March 31, 2010 to September 23, 2011 to Petitioner's sentence in Case One, in addition to the other pre-trial jail credits originally granted to Petitioner in that case.

More than four years later, on February 19, 2016, the criminal court entered an Order in Case One (the "February 2016 Order"), which stated:

> THE FOLLOWING ACTION OR CHANGE OF STATUS IS HEREBY ORDERED
>
> PETITIONER GARY PORTER IS AUTHORIZED PRE-TRIAL JAIL CREDITS FROM 4-1-2010 UNTIL 09-23-2011 TOWARDS [CASE TWO]. THESE CREDITS WERE PREVIOUSLY APPLIED TO [CASE

---

would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

ONE] BY [TDOC]. HOWEVER, AS THE COURT'S JACKET REFLECTS, PETITIONER WAS ON BOND AT THAT TIME ON [CASE ONE]. PETITIONER WAS IN CUSTODY FROM 04-01-2010 UNTIL 09-23-2011 ON [CASE TWO]. THEREFORE, THIS COURT ORDERS THAT THE PRE-TRIAL JAIL CREDITS FROM 04-01-2010 TO 09-23-2011 BE APPLIED TO [CASE TWO].

See two attachments (1) [Consent Order]
(2) 01/12/2016 TDOC Letter to Attorney Greg Allen

On June 22, 2016, Petitioner filed a TDOC Inmate Grievance alleging that the February 2016 Order "takes the credits from [Case One] and apply it towards [Case Two]" and that TDOC would not honor it. TDOC responded, writing only: "Deemed Inappropriate per policy 501.01 (credits)[.]" Petitioner appealed, and the Warden agreed with TDOC's response.

On March 31, 2018, Petitioner completed a TDOC Inmate Inquiry form requesting that TDOC "adjust [his] credits For Pre-Trial Jail Sentence Reduction Credits Per the Court's Order on [Case Two] From 4-1-2010 to 9-23-2011." TDOC responded, writing: "Pre-trial credit awarded from July 30, 2008 – April 4, 2009; November 16, 2009 – January 10, 2010 and March 31, 2010 – September 22, 2011 for a total of 848 days. Credits were applied to [Case One]. [Case Two], per judgement [*sic*] order was consecutive and therefore the same credits could not be applied to both cases."

On May 19, 2022, Petitioner completed another TDOC Inmate Inquiry form requesting that TDOC "adjust [his] credits for Pre-Trial Jail Sentence Reduction Credits Per the Court's Order on [Case Two] From 4-1-2010 to 9-23-2011." TDOC responded, writing: "duplicate [pre-trial jail credit] will not be applied to consecutive sentences. If you need further clarification you will need to write the judge on this issue."

On September 6, 2022, Petitioner filed a petition for declaratory judgment pursuant to the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101 *et seq.*, in the chancery court, wherein he named Phillips as the defendant. Petitioner averred that TDOC erred in applying the pre-trial jail credits at issue to Case One and requested that the chancery court "correct this error committed by TDOC Sentence Management to grant the [Petitioner] his Pretrial Jail Credits . . . to [Case Two][.]" Phillips filed a Motion for Summary Judgment on December 20, 2022, arguing that "[t]he undisputed facts show that the [TDOC] has calculated Petitioner['s] sentence in accordance with the law" and that Phillips was entitled to judgment as a matter of law. Phillips also filed a Declaration in support thereof, wherein she declared, *inter alia*:

5. Pretrial jail credit is time spent in custody from the date of the arrest to the date of initial sentencing. . . . Pretrial jail credit can only be credited toward individual sentences. If sentences are ordered consecutive, pretrial jail credit periods are only applied once to the overall calculation.

* * *

8. Custodial parole is required when a sentence is to be served at 100% and is consecutive to a sentence with a range. The Tennessee Board of Parole determines when the 100% sentence would begin.

* * *

10. Pre-trial jail credit of 848 days was given on [Case One] and [Case Two]. Those dates are from July 30, 2008 to April 4, 2009, November 16, 2009 to January 12, 2010 and March 31, 2010 to September 22, 2011. The credit was only applied to [Case One]. To give the same pretrial jail credit on a consecutive case would be a duplication of the credit.

11. [Case Two] is a 100% sentence and requires custodial parole to begin the sentence. . . . [Case Two] began at the expiration of [Case One].

12. Calculation for each case is as follows:

**[Case One]**

| | |
|---|---|
| Sentence Imposed Date[2] | 09-23-2011 |
| minus 848 days of pretrial jail credit | - 531[3] days |
| equals sentence effective date[4] | 05-28-2009 |
| plus 7 years, 2 months, 8 days to serve | +2  8  7 yrs |
| equals | 08-06-2016 |
| minus 224 pretrial behavior credits | - 224 days |
| equals | 12-26-2015 |
| minus 222 sentence reduction credits | - 222 days |
| equals | 05-10-2015 |

---

[2] The date the initial sentence is imposed and the sentence begins.

[3] This appears to be a typo in Phillips' Declaration. September 23, 2011 minus 531 days would result in an incorrect sentence effective date of April 10, 2010; whereas, September 23, 2011 minus 848 days results in the correct sentence effective date of May 28, 2009.

[4] The date the sentence technically starts running for purposes of calculating an inmate's release date. The sentence effective date and sentence imposed date may differ if there is pretrial jail credit subtracted from the sentence imposed date.

**[Case Two]**

|  |  |
|---|---|
| Custodial parole date | 05-20-2015 |
| plus 85% (11 years, 5 months, 21 days) | 5   21   11 yrs |
| equals | 11-11-2026 |

Phillips further argued that a duplicative award of pre-trial jail credits for the same period of pre-trial confinement is contrary to Tennessee law.  Because Petitioner already received the credits in the form of a shorter sentence in Case One, Phillips argued he is not entitled to also have his sentence in Case Two shortened.  Finally, Phillips argued Petitioner failed to show any reason why the chancery court should disturb TDOC's decision in this case.  In response to Phillips' Rule 56.03 statement of material facts, Petitioner conceded that all of the pre-trial jail credits at issue were applied toward his sentence in Case One.  However, Petitioner disputed Phillips' statements that pre-trial jail credits can only be applied once toward the overall calculation of consecutive sentences.  Petitioner alleged that this is a "material fact and is [*sic*] shows that a genuine issue exists that the evidence is such that a reasonable jury could return a verdict if [*sic*] favor for the [Petitioner]."

The chancery court entered an order granting summary judgment in favor of Phillips on February 10, 2023.  In relevant part, the chancery court held:

> . . . Phillips asserts that [Petitioner] is attempting to "double dip" for credits by seeking to have all of his pretrial jail credits applied to both of his sentences.  However, a careful reading of [Petitioner]'s Petition demonstrates that he is asserting that the TDOC applied his pretrial jail credits improperly by applying all pretrial jail credits to [Case One] instead of applying pretrial jail credits from April 1, 2010 to September 23, 2011 to [Case Two].

> \* \* \*

> The record does not reflect that the Consent Order was ever modified; thus, pursuant to the Consent Order, [Petitioner] received pretrial jail credits from March 31, 2010 to September 23, 2011 in [Case One]. As such, the pretrial jail credits from April 1, 2010 to September 23, 2011 given to [Petitioner] in [Case Two] are duplicative of the ones given to him in [Case One] by the [Consent Order] (i.e., March 31, 2010 to September 23, 2011).

> Tennessee case law is clear that "[a]n inmate may not 'double-dip' for credits from a period of continuous confinement." *Rainer v. Mills*, 2006 WL 156990, at \*5 (Tenn. Ct. Crim. App. Jan. 20, 2006) (citing *Johnson v. Tennessee Dep't of Corr.*, No. 95-2065-11, 1996 WL 442740, at \*\*1-2 (Tenn. Ct. App. Aug. 7, 1996)); *Jackson v. Donahue*, No. W2013-01718-CCA-R3-HC, 2014 WL 2547764, at \*4 (Tenn. Ct. Crim. App. May 30, 2014). "A defendant incarcerated prior to trial who received consecutive

sentences is only allowed pre-trial jail credits to be applied toward the first sentence." *Id.* To give [Petitioner] pretrial jail credit for the period of April 1, 2010 to September 23, 2011 in both [Case One] and [Case Two] would be to give [Petitioner] credit for 2 days for every 1 day he spent in jail. Such "double-dipping" is not contemplated by the law in Tennessee.

\* \* \*

For the foregoing reasons, the Court determines that the TDOC properly awarded [Petitioner] his pretrial jail credits. *See Howard v. Tennessee Dep't of Corr.*, No. M2016-00337-COA-R3-CV, 2016 WL 7048838, at \*5 (Tenn. Ct. App. Dec. 5, 2016) (The TDOC "is required to calculate prison sentences in accordance with the sentencing court's judgment order and with applicable sentencing statutes."). As such, [Petitioner] has received all the benefit Tenn. Code Ann. § 40-23-101(c) entitled him when his sentence was reduced day-for-day by his time in jail.

Petitioner now appeals the chancery court's grant of summary judgment in favor of Phillips. As he did in the trial court, Petitioner proceeds pro se in this appeal. Nonetheless, he "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011)).

Here, we cannot consider the merits of Petitioner's appeal because he has failed to comply with the procedural rules applicable to this Court, and his issues are thus waived. The Tennessee Rules of Appellate Procedure provide:

The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

- 6 -

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Rule 6 of the Rules of the Court of Appeals provides further requirements about briefing in this Court. Failure to comply with the Rules of Appellate Procedure or the rules of this Court can result in waiver of a litigant's issues. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993)).

Petitioner's appellate brief has several deficiencies. Most notably, Petitioner has not included a statement of the issue presented for review. The Tennessee Supreme Court has made clear that,

to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have

- 7 -

been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4). It also may be deemed waived when it has been expressly raised as an issue, but the brief fails to include an argument satisfying the requirements of Rule 27(a)(7). *Id.* at 335. . . . These requirements are not matters of mere formality.

\* \* \*

Like this Court, the Court of Appeals repeatedly has recognized the importance of properly raising an issue on appeal and the consequence of a failure to comply with the requirements of Rule 27. Indeed, in a recent opinion including two members of the panel in this case, the Court of Appeals similarly emphasized the importance of compliance with Rule 27 and found a waiver of the issue due to non-compliance:

> The contents of appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure, which requires an appellant's brief to list "[a] statement of the issues presented for review . . . ." Tenn. R. App. P. 27(a)(4). The statement of the issues is vitally important to the appeal as it provides this Court with the questions that we are asked to answer on review. The statement is also significant because our "[a]ppellate review is generally limited" to those issues listed in it. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (citing Tenn. R. App. P. 13(b)). Indeed, "[c]ourts have consistently held that ... [a]n issue not included [in the statement of the issues] is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Accordingly, appellants should endeavor to frame each issue "as specifically as the nature of the error will permit," *Hodge*, 382 S.W.3d at 335 (citing *Fahey v. Eldridge*, 46 S.W.3d 138, 143–44 (Tenn. 2001); *State v. Williams*, 914 S.W.2d 940, 948 (Tenn. Crim. App. 1995)), as this Court is not required to "search[ ] for hidden questions" in appellants' briefs. *Hodge*, 382 S.W.3d at 334 (citing Bryan A. Garner, *Garner on Language and Writing* 115 (2009); Robert L. Stern, *Appellate Practice in the United States* § 10.9, at 263 (2d ed. 1989)). . . .

*Waddell v. Waddell*, No. W2020-00220-COA-R3-CV, 2023 WL 2485667, at \*9, n.8 (Tenn. Ct. App. Mar. 14, 2023) (alterations in original).

*City of Memphis v. Edwards by & through Edwards*, --- S.W.3d ---, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023).

Petitioner's brief also lacks appropriate headings,[5] a table of contents, a table of authorities, a coherent statement of the case, appropriate references to the record, and a concise statement of the applicable standard of review. Under the circumstances, Petitioner has substantially failed to comply with Tennessee Rule of Appellate Procedure 27 as well as Rule 6 of the rules of this Court. These failures are so substantial that, notwithstanding his pro se status, they cannot be overlooked. Any issues Petitioner has attempted to raise are therefore waived. *See Bean*, 40 S.W.3d at 55.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of this appeal are taxed to the appellant, Gary Porter, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE

---

[5] The only headings Petitioner's brief contains are "Facts To Support" and "(Conclusion)."